### BRIGHAM v. ZAISS et al.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

DISCOVERY—INSPECTION OF BOOKS OF ACCOUNT.

Where plaintiff's contract entitled him to recover 5 per cent. of the net amount of money realized by defendants from the sales made by him for them, the trial court's refusal to permit plaintiff to inspect their books and to take copies of them, in so far as they contained entries relating to, or in any way connected with, the subject-matter, was error.

Appeal from special term, New York county.

Action by Tyler Brigham against Eugene Zaiss and others. From an order denying plaintiff's motion for discovery and inspection of books of account, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Maurice L. Hyman, for appellant.
Norbert Heinsheimer, for respondents.

McLAUGHLIN, J.    On the 3d of June, 1896, the parties to this action entered into a written agreement by which the defendants agreed to employ the plaintiff as a salesman "to sell their goods, only in the territory known as the 'Eastern States,' upon a commission of five per centum upon the net amount of money realized" by defendants from such sales.    This contract, the plaintiff alleges, was, by mutual agreement between the parties thereto, altered in so far as to allow him commissions upon all sales made to purchasers in the territory mentioned, except to one Hollander, whether the said sales were made by the plaintiff personally or otherwise; and this action is brought to recover the commissions alleged to be due him under the contract as modified.    The defendants admit the making of the written contract, and that the plaintiff sold large quantities of goods for them in pursuance of it, but they deny that the same was ever modified.    They also deny indebtedness to the plaintiff and allege that prior to the commencement of the action they paid him in full for all commissions earned.

After issue had been joined, the plaintiff made a motion for leave to inspect the books of account of the defendants, and for permission to take copies of them.    The moving papers showed that the plaintiff had personally, and through his attorney, applied to the defendants for leave to inspect their books, and to be permitted to take a statement from them, in so far as they related to the sales made by, and the amount of commissions due to, him, but that the defendants had refused to permit the plaintiff to inspect their books or to give him such information; that it is material and necessary for the plaintiff to make such inspection, or to be furnished with such information, in order that he may properly prepare for the trial of the action, and that he cannot safely go to trial without first ascertaining the total amount of the sales made, and the amount realized by the defendants from the same; and that there is no way in which he can acquire that information, except by an inspection of the defendants' books.    The motion was denied, and the plaintiff appeals.    We think the motion should have been granted.    Under the terms of the contract, the plaintiff is only entitled to recover "five per centum of the net amount of money realized by the defendants from the sales made."    Manifestly, the plaintiff has no way of ascertaining what the net amount is, except from the defendants themselves, or from an inspection of their books of account.    It would be impracticable to produce at the trial each of the persons to whom he sold goods; and, if he could, while he might be able to establish in this way the total amount of sales, he could not establish the net amount realized by the defendants.    The defendants, however, have this information.    They do not deny that their books contain entries showing just what sales were made by the plaintiff, and the net amount of money received by them therefrom.    No good reason can be suggested why they should not furnish the same to the plaintiff, and, in the interest of justice, we

think they should be required, under suitable conditions, to permit the plaintiff to inspect their books and to take copies of them, in so far as they contain entries relating to, or in any way connected with, the subject-matter of the action.

It follows that the order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.