(39 Misc. Rep. 306.)

RUSSELL & CO. v. McSWEGAN et al.

(Supreme Court, Appellate Term. November, 1902.)

1. DISCOVERY—SUPPORT OF COUNTERCLAIM.
    Plaintiff should not be compelled to produce his books for inspection to support a counterclaim of defendants, where the latter do not show that the books contain entries which they seek, nor excuse their failure in not having obtained the necessary information from persons whom they assert gave them such information as to the books.

Appeal from city court of New York, general term.

Action by Russell & Co. against Frank McSwegan and Frank McSwegan, Jr. From an order of the general term affirming an order directing plaintiff to furnish copies of certain entries, or produce its books of account for inspection, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BLANCHARD and Mac-LEAN, JJ.

William A. Ulman (George S. Hebabian, of counsel), for appellant.
John S. Davenport, for respondents.

MacLEAN, J.    In their answer in an action upon a promissory note, the defendants set up, by way of counterclaim, an agreement whereby they were to receive a discount of 30 per cent. from the list price upon all sales of plaintiff's engines upon demand from a certain territory, and alleged that "the plaintiff had sold upon demand and inquiry from the territory aforesaid a larger number of said engines, upon which, pursuant to the agreement hereinbefore set forth, the defendants became and were entitled to receive from the plaintiff the discount of thirty per cent. from the list prices of the engines so sold to the amount of thirteen thousand one hundred and twenty-seven dollars."    None of the allegations of the counterclaim were upon information and belief, but made positively, and verified as of personal knowledge.    Within four days of the day set for the trial of the cause, the defendants obtained an order to show cause why they should not be furnished a sworn copy of the entries in the plaintiff's books.    The motion was denied after a hearing.    Then the defendants applied again, and successfully.    Under the ruling in Pots v. Herman, 7 Misc. Rep. 4, 27 N. Y. Supp. 330, the order ought not to have been granted, for facts justifying the order were not before the court.    There is nothing to show that the books contained the entries as to the matters of which inspection or discovery was sought.    In the first petition, it was asserted that the defendants had learned of one engine sold by the plaintiff in Greater New York, but not of the terms and exact date of sale, and had also learned of other sales of engines in the district aforesaid, the exact terms and locations of which the petitioners are unable to explain.    In the petition and in an affidavit of one of the defendants supporting it, there were also assertions of information, but, wherever the source of the alleged information is stated, no sufficient excuse is given for not obtaining it from the informant; the nearest to such excuse being as to one Barber, "not now within the state."    Convenient it might be for the defendants to have the items of their counterclaim, if they be entitled to any, proven for them, but the plaintiff may not be constrained thereto upon their assertion of necessity, unless supported by a different showing of facts, not to mention their contradiction by the defendants' own pleading upon personal knowledge.    This application is not within the doctrine of Brigham v. Zaiss, 48 App. Div. 144, 62 N. Y. Supp. 706.    The order appealed from and the order which is affirmed should be reversed.

Order of general term of city court reversed, with costs to appellant.    All concur.