(110 App. Div. 633.)

HARBAUGH v. MIDDLESEX SECURITIES CO.

(Supreme Court, Appellate Division, First Department. January 19, 1906.)

1. DISCOVERY—INSPECTION OF DEFENDANT'S BOOKS—ACTION FOR COMMISSION.
    In an action by a servant to recover on a contract, whereby he was to be paid a commission on business transacted by defendant, plaintiff was not entitled to a discovery and inspection of defendant's books for the purpose of preparing for trial.

2. SAME—ORAL EXAMINATION.
    In an action against a foreign corporation on a contract. whereby plaintiff, as an employé of defendant, was to be paid a commission on the amount of certain business transacted, plaintiff, in order to prepare for trial, was entitled to an examination before trial of an officer of defendant corporation, upon which examination he might have defendant's books produced under subpoena duces tecum to enable the officer to testify accurately.

    [Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 89.]

Appeal from Special Term.

Action by Allen M. Harbaugh against the Middlesex Securities Company. Appeal by plaintiff, from an order denying a motion for discovery and inspection of defendant's books. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRA-HAM, LAUGHLIN, and CLARKE, JJ.

Charles P. Rogers, for appellant.

John Vernou Bouvier, Jr., for respondent.

CLARKE, J. The complaint alleges that the defendant, a foreign corporation, is engaged in the business of selling the bonds or other obligations of the Middlesex Banking Company, and that the defendant had the exclusive control of the sale of a certain class of bonds known as "investment installment bonds," whereby the purchaser pays 10 per cent. of the face value of said bonds each year until the full amount is paid; that the agreement between said corporations was that the banking company was to pay to the defendant 90 per cent. of the first year's installment received on the sale of said obligations and $2 per thousand renewal for four years; that plaintiff was employed by the defendant as general manager of defendant from the 1st of September, 1904, under an agreement to pay him as compensation for his services an amount equal to one-third of the amounts received by defendant from the sale of said bonds after first deducting the expenses of the agency force, and that on January 2, 1905, the agreement was modified by providing that he should receive one-half of said amounts, instead of one-third; and that he duly performed up to the 5th of May, 1905, when he was discharged without just cause or notice; and he demands the amount due him under said agreement. The defendant denies the contract alleged in the complaint, and alleges that the plaintiff was employed at $600 a month, and that he had not only been fully paid, but that plaintiff had drawn in advance and over and above the amount due him $1,347.55, for which by way of counterclaim it demanded judgment.

Plaintiff, alleging that he had "no personal knowledge of the names of the persons who purchased and settled for bonds of the Middlesex Banking Company through the defendant herein, or through what agents or salesmen of the said defendant company the said bonds were sold, nor the amounts received by the defendant from the sale of said bonds, or the amounts paid by the defendant to the Middlesex Banking Company from the sale of said bonds, or whether the first premiums were paid wholly or partially by notes, or the amounts and due dates of said notes or of the specific sums due to plaintiff" under the contract, and that he was unable to prepare for trial without the inspection of the books of defendant, prayed for an order for the inspection thereof, which said motion was denied, and from the order entered thereon this appeal is taken.

We do not think that plaintiff was entitled to the order prayed for. The relation between the parties was merely that of employé and employer. There was no partnership or joint adventure. His compensation, under the agreement alleged by him, was to be measured by an amount equal to a certain proportion of the receipts of a certain kind, less certain expenses. There was nothing in that relation which entitled him after discharge to an inspection and examination of defendant's books. To allow the plaintiff a roving commission entitling him to a general investigation of the defendant's books would be extremely

unjust. The business books of a going concern will not be compelled to be deposited in court for a space of time, nor will the admission of outsiders to the office of the company during business hours for a considerable period be directed, except for cogent reasons. It is alleged in the answering affidavits that the plaintiff is now in the employment of hostile business rivals, and that the intent of this examination is sinister. But without this suggestion, it is sufficient to say that such an examination should be allowed only when the right thereto is clear and the necessity therefor apparent. At the same time we are of the opinion that plaintiff is entitled to the information he seeks and is entitled to it to enable him to prepare for trial. · He is bound to make out his case, and he cannot do so unless he knows the sales, the terms, the receipts, and the expenses. He can obtain this information by an examination before trial of the appropriate officers of the company, and upon said examination he can have the books produced upon a subpœna duces tecum to enable said officer to testify accurately.

The suggestion by defendant that all this matter should be postponed to the trial is of no weight. Plaintiff is not required to take the risk that by that time this foreign corporation may have removed its books beyond our jurisdiction.

The order appealed from is affirmed, with $10 costs and disbursements, without prejudice to an application to the court at Special Term for the relief indicated, and to a renewal of this motion hereafter if circumstances require it. All concur.