(54 Misc. 579)

### PFAELZER v. GASSNER.

#### (Supreme Court, Appellate Term.   June 6, 1907.)

DISCOVERY—INSPECTION OF BOOKS OF ADVERSE PARTY.

Under Code Civ. Proc. § 803, declaring the court empowered to compel a party to produce and discover, or to give an inspection and copy or permission to take a copy of, a book; section 804, providing that the general rules of practice may prescribe the cases in which an inspection may be made; and Gen. Rules of Practice 14, subd. 3, providing that a party may be compelled to make discovery of any book in his possession material to the issues, or an inspection of which is necessary to enable a party to prepare for trial—it is error, on plaintiff's presenting a sufficient unchallenged case for inspection of defendant's books of account to learn the net profits for a certain period, to order merely that defendant furnish a sworn statement from the books, together with a copy of the balance sheets.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 50.]

Appeal from City Court of New York, Special Term.

Action by Morris F. Pfaelzer against Leopold Gassner.   From an order denying, to a certain extent, plaintiff's motion for inspection and discovery of books, plaintiff appeals.   Reversed, and motion granted.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Samuel P. Goldman, for appellant.

Emanuel Hertz, for respondent.

GOFF, J.   Plaintiff alleged in his complaint that the defendant employed him as salesman from the 15th of February, 1904, to the 14th of December in same year, and agreed to pay him $25 per week and 5 per cent. of all the net profits of the business during said period,

to be paid at the expiration of the agreement. It was further alleged that plaintiff performed his part of the agreement, that the 5 per cent. commissions during that period of time amounted to over $870, and that, in addition to the weekly sum of $25, the defendant paid him only $75, leaving a balance due of $807. The defendant in his answer admitted the agreement for employment and the rate of compensation. Matters were set up which are not relevant here. Plaintiff, by petition setting forth the substance of the pleadings and stating that he had no means of ascertaining the profits of defendant's business, except by an inspection of the books kept by defendant, which were under his control, which contained the accounts of the business, and which were necessary to him to prepare for trial, moved for an order granting inspection and discovery of the books. No answer by affidavit was made to the petition. An order was granted directing defendant to furnish to plaintiff a sworn statement from the books, together with a copy of the balance sheets, and in all other respects the petition was denied. From that order this appeal was taken.

Section 803 of the Code of Civil Procedure provides that the court has power to compel a party to produce and discover, or to give an inspection and copy or permission to take a copy of, a book, etc. Section 804 provides that the general rules of practice may prescribe the cases in which an inspection may be made. Rule 14, subd. 3, of the general rules of practice, prescribes that a party may be compelled to make discovery of any book in his possession that is material to the issues, or that an inspection thereof is necessary to enable a party to prepare for trial. If the plaintiff was entitled to any relief, he was entitled to relief in one of the prescribed forms. The learned justice evidently considered him entitled to some relief; for he directed that defendant should furnish a sworn statement, together with a copy of the balance sheet. It was not a sworn statement or copy which the plaintiff sought. It was an inspection of the books which contained the original entries of the business in which he was interested. A sworn statement or copy might be misleading. At best it would be inconclusive. Besides, the justice had no authority to direct that a sworn statement or copy be delivered. If he exercised discretion, it has to be exercised in one of the ways pointed out by law. There is no provision in the law for a sworn statement or copy to be delivered. The plaintiff presented a sufficient case, which was unchallenged, to entitle him to the relief he petitioned for. Thomas v. Waite, 113 App. Div. 494, 99 N. Y. Supp. 297.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted. All concur.