direct, nominate and appoint, and in default of such last will and testament, then to pay over, convey and divide the same to and among the heirs at law and next of kin of the said party of the first part in the same manner and in the same proportions as if she, the said party of the first part, had died seized and possessed thereof and intestate."

At the time when the plaintiff made this trust deed she had two children. She has since remarried, and now has another child. All of these children are now living, and none of them have been made parties to this suit. The surviving trustees are the uncles of the settlor. The trust was made for the purpose of preventing the settlor from being influenced to apply her property in settlement of her husband's debts. There was no fraud, mistake, or undue influence attendant upon the making of the trust deed. The plaintiff served notice upon the trustees that she elected to terminate the trust. This notice was without any legal effect whatever. The trust was not terminable at the option of the settlor. Nor is any right to terminate or change it during her lifetime reserved to the settlor in the deed of trust. The only right of control of the principal which is reserved in the deed of trust is the right to dispose of it by will. The children of the settlor have, therefore, a vested interest in this principal, which is subject to being divested by the will of the settlor. The court is without power to divest these infant children of their interest in this future estate. Watson v. Bonney, 2 Sandf. 405. Wide as is the supervisory power of courts of equity over trustees in the management of trust estates, yet they cannot, except in exceptional cases, dissolve a trust before the expiration of the term for which it was created. As was said in Cuthbert v. Chauvet et al., 136 N. Y. 328, 32 N. E. 1088, 18 L. R. A. 745:

"The exceptions have been rare, and have always belonged to a well-defined class, where the interference of the court did not disturb or destroy the trust scheme, but was rendered necessary in order to prevent its entire failure."

The exceptional cases are discussed in Cuthbert v. Chauvet, supra, and it is evident that the present case does not come within any of those classes of cases where authority sanctions judicial interference. In Keyes v. Carleton, 141 Mass. 45, 6 N. E. 524, 55 Am. Rep. 446, the court said:

"It is settled by the uniform course of the decisions in this commonwealth that a voluntary settlement, fully executed by a person of sound mind, without any mistake, fraud, or undue influence, is binding upon the settlor, and cannot be revoked, except so far as a power of revocation has been reserved in the deed."

Judgment is awarded to the defendants, dismissing the complaint.

---

BREWSTER et al. v. HARTOG et al.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

CORPORATIONS—INSPECTION OF CORPORATE BOOKS—EXTENT.

An administrator, seeking to determine whether there was any agreement between decedent and a third person as to equal control of a corporation, or whether the issue of stock putting control of the corporation in the third person was authorized, is not entitled to inspect all the

general business books of the corporation, but should first examine the officers thereof, and ascertain what books or accounts were kept which might prove such agreement, and what books or accounts would throw light on the unauthorized issue of stock.

Appeal from Special Term, New York County.

Action by Ulysses B. Brewster and another, administrators of Frederick G. Brewster, deceased, against Joseph Hartog and others. From an order granting an inspection of the books of defendant corporation, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Robert R. Reed, for appellants.

John B. Doyle, for respondents.

PER CURIAM. It cannot be necessary for the plaintiffs to inspect all of the general business books of the defendant corporation for the purpose of ascertaining whether there was any agreement between plaintiff's intestate, Frederick G. Brewster, and the defendant Hartog as to equal control of the corporation, or as to whether the issue of stock putting control of the corporation in defendants was authorized or not. The order is very sweeping in its terms and we think was unauthorized. It would be much better practice for the plaintiffs to examine the officers of the corporation, and thus ascertain what books or accounts were kept which might tend to prove an agreement of equal control, or a course of dealing tending to show that such an agreement existed, and what books or accounts throw light upon the alleged unauthorized issue of stock, and then obtain an order for the inspection of such books as are shown to be material. It would appear that the defendants had offered inspection of books of this character prior to the obtaining of the present order

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice, however, to renewal as to specific books and accounts shown to be material.