STRAUSS v. VON TOBEL et al.

(Supreme Court, Appellate Division, First Department.   April 8, 1909.)

DISCOVERY (§ 84*)—EXAMINATION OF BUSINESS BOOKS—RIGHTS OF FORMER EMPLOYÉ.

In an action by a former employé for an accounting of commissions, he was not entitled to an order for a general examination of his employer's business books; his remedy being by an examination of defendants before trial, on which the books could be obtained on a subpœna duces tecum.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 84.*]

Appeal from Special Term, New York County.

Action by Lou R. Strauss against Jacob Von Tobel and another. From an order granting plaintiff's motion for a discovery and inspection of defendants' books, they appeal. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Louis Kinke, for appellants.
William Bondy, for respondent.

HOUGHTON, J.   The plaintiff had a contract with the defendants to act as selling agent of all products manufactured by them. His compensation was to be $7\frac{1}{2}$ per cent. on the selling price of all goods sold. The plaintiff claims that the defendants have not properly accounted to him and have not paid his full commissions, and he has obtained an order for inspection of all the business books of the defendants covering the period in controversy.

This court expressly held, in Harbaugh v. Middlesex Securities Co., 110 App. Div. 633, 97 N. Y. Supp. 350, that an order for the general examination by a former employé of the business books of his former employer was improper, not only because it compelled the deposit of the books of a going concern in court, thus inconveniencing the business, but because such inspection might be used for an improper and hostile purpose. The rule in this department is contrary to that of the Second department, as enunciated in Thomas v. Waite Co., 113 App.

Div. 494, 99 N. Y. Supp. 297, and was not followed by the Appellate Term in Pfaelzer v. Gassner, 54 Misc. Rep. 579, 104 N. Y. Supp. 847.

The same relief to which plaintiff is manifestly entitled can be had in a more limited form by an examination of the defendants before trial, upon which the books can be produced upon a subpœna duces tecum, as is pointed out in Harbaugh v. Middlesex Securities Co., supra. The main controversy between the parties on the merits seems to be as to whether plaintiff is entitled to commissions on goods manufactured by defendants for others, and not sold, as well as those actually sold in the market. We expressly withhold any opinion on that subject. It follows that the order for a discovery of the books was improper, and must be reversed.

Order appealed from reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.