## FUNGER v. BROOKLYN BOTTLE STOPPER CO.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

DISCOVERY (§ 88*)—INSPECTION OF BOOKS OF ACCOUNT—PERSONS ENTITLED.
    A discharged employé whose compensation was fixed upon a percentage basis of sales procured by him, in an action to recover an alleged balance due him on the contract is not entitled to an order giving him access without limitation to all defendant's business books and papers in order to prepare for trial, but he can examine defendant's appropriate officer to ascertain the books required and apply for a limited order of discovery and inspection, or may examine such officer before trial and have the necessary books produced upon a subpœna duces tecum to enable the officer to testify accurately.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 113–115; Dec. Dig. § 88.*]

Appeal from Special Term, New York County.

Action by Robert A. Funger against the Brooklyn Bottle Stopper Company. From an order permitting plaintiff to inspect defendant's books, defendant appeals. Reversed without prejudice.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Wingate & Cullen (Laurence Doorly, of counsel), for appellant.
John Conville (Charles B. McLaughlin, of counsel), for respondent.

CLARKE, J. The defendant, a domestic corporation, is a manufacturer of corks and tin bottle caps. The plaintiff was a salesman. On October 11, 1906, they entered into a contract in writing under which the plaintiff was employed by the defendant as its sales agent for a period of five years. It was agreed that the defendant should receive certain fixed prices for its products, but any excess over and above said prices on all orders should be the profits and earnings of the plaintiff; that on all orders paid for within 10 days from the date of shipment the plaintiff should be entitled to a discount of 2 per cent. on the amount of the orders so paid; that plaintiff should also be entitled to a discount of 3 per cent. for all orders on cash on date of the shipment.

The complaint alleges for its first cause of action that between October 11, 1906, and September 18, 1907, the defendant sold upon orders obtained by the plaintiff goods amounting to upwards of $180,000, upon which the defendant realized upwards of $20,000 in excess of the amounts fixed by the agreement, has paid $1,366.12, leaving due and owing to plaintiff $18,633.88. For a second cause of action, that the defendant has made sales upon orders obtained by the plaintiff amounting to $50,000, upon which plaintiff was entitled to the dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

count provided for in the agreement, which he has not been paid, amounting to $1,500. For a third cause of action, that on September 18, 1907, plaintiff was wrongfully and without cause discharged by the defendant; that he could have made sales aggregating $300,000, upon which he would have been entitled to $100,000, and claims said amount as damages for breach of contract. For a fourth cause of action, that the plaintiff had procured orders, some of which defendant was unable to fill and others of which were improperly filled, to upwards of $100,000, and that upon these orders the damage of the plaintiff was $1,000; wherefore, he demanded judgment first for $18,-633.88, and second for $102,500.

Alleging in his petition for an order for discovery and inspection that he has no record of the sales made upon orders obtained by him and no means of knowing the amount of the sales made by the defendant, except as he may ascertain the same from an inspection of all the defendant's books, correspondence, and letters, he has obtained an order which provides:

"That the said defendant permit an inspection by the plaintiff, his attorneys, clerks, assistants, and accountants, of their books, vouchers, letters, letterpress copies and carbon copies of correspondence had with defendant's customers showing what sales have been made by said defendant, * * * with permission to plaintiff to have such copies made thereof by his clerks and assistants as he may desire."

That is, a discharged employé whose compensation was fixed upon a percentage basis of sales procured by him has been given access without limitation to all the business books and papers of his late employer. The learned court at Special Term granted this order upon the authority of Brigham v. Zaiss, 48 App. Div. 144, 62 N. Y. Supp. 706. That case is an authority for permitting an inspection by a discharged employé whose compensation was based upon a percentage, but not to the extent of justifying this order. The court limited the examination, as will appear by the following quotation:

"They do not deny that their books contain entries showing just what sales were made by the plaintiff, and the net amount of money received by them therefrom. No good reason can be suggested why they should not furnish the same to the plaintiff, and in the interest of justice, we think, they should be required, under suitable conditions, to permit the plaintiff to inspect their books and to take copies of them, in so far as they contain entries relating to, or in any way connected with, the subject-matter of the action."

In Harbaugh v. Middlesex Securities Co., 110 App. Div. 633, 97 N. Y. Supp. 350, this court said of a similar order:

"We do not think that plaintiff was entitled to the order prayed for. The relation between the parties was merely that of employé and employer. There was no partnership or joint adventure. His compensation, under the agreement alleged by him, was to be measured by an amount equal to a certain portion of the receipts of a certain kind, less certain expenses. There was nothing in that relation which entitled him, after discharge, to an inspection and examination of defendant's books. To allow the plaintiff a roving commission entitling him to a general investigation of the defendant's books would be extremely unjust. The business books of a going concern will not be compelled to be deposited in court for a space of time, nor will the admission of outsiders to the office of the company during business hours for a considerable period be directed, except for cogent reasons. * * * At the

same time we are of the opinion that plaintiff is entitled to the information he seeks, and is entitled to it to enable him to prepare for trial. He is bound to make out his case. and he cannot do so unless he knows the sales, the terms, the receipts, and the expenses. He can obtain this information by an examination before trial of the appropriate officer of the company, and upon said examination he can have the books produced upon a subpœna duces tecum to enable said officer to testify accurately."

And in Brewster v. F. G. Brewster Co., 127 App. Div. 729, 111 N. Y. Supp. 1026, this court said:

"The order is very sweeping in its terms, and we think was unauthorized. It would be much better practice for the plaintiffs to examine the officers of the corporation and thus ascertain what books or accounts were kept which might tend to prove an agreement of equal control or a course of dealing tending to show that such an agreement existed, and what books or accounts throw light upon the alleged unauthorized issue of stock, and then obtain an order for the inspection of such books as are shown to be material."

We are of the opinion that no necessity has been shown to warrant the sweeping order appealed from. If the plaintiff does not know what particular books and papers contain the information which he is entitled to, he may examine the defendant by its appropriate officer to obtain such information, and then he may apply for a limited order for discovery and inspection, or he may adopt the method approved in the Harbaugh Case, supra. It should be noted that the defendant has offered to furnish an itemized statement of plaintiff's account during his employment. That, however, is no answer to the plaintiff's demand, for he is entitled to original evidence, and is not to be limited to such as the defendant may choose to pick out and submit.

The order appealed from should therefore be reversed, but without costs, and without prejudice to an application to be made for either form of relief as indicated. All concur.