NEW YORK EDISON CO. v. CITY OF NEW·YORK (Borough of Manhattan).

(Supreme Court, Appellate Division, First Department.   July 13, 1909.)

DISCOVERY (§ 88*)—WHEN ALLOWED.

   Where, in an action against a city for the value of electricity furnished defendant for lighting purposes during a certain year, the answer denied that the electricity was furnished pursuant to contract and that the price charged was the reasonable value, defendant was entitled to an inspection of the books and records of plaintiff and an examination of its plant, so far as the same would show or tend to show the actual cost of production and distribution of electricity during the time in which it was alleged to have been furnished.

   [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 88.*]

Appeal from Special Term, New York County.

Action by the New York Edison Company against the City of New York (Borough of Manhattan). From an order denying its motion for an inspection and discovery, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Austen G. Fox, for appellant.

Henry J. Hemmens, for respondent.

McLAUGHLIN, J.   This action was brought to recover from the city of New York the value of the electricity furnished to it for lighting purposes during the year 1903.   The theory of the plaintiff, as appears from the complaint, is that a contract was entered into between it and the city by virtue of which the electricity was furnished, and that the price which the city agreed to pay, and which it has been charged, is a fair and reasonable value and the market value of the same.   The answer denies that the electricity furnished ·was in pursuance of a contract and that the price charged was the reasonable value or the market value.   After issue had been joined, the defendant, for the purpose of preparing for trial, applied to the court, by an order to show cause, for leave to inspect, examine, and take a copy of all the books, documents, or records of the plaintiff, and examine its plant, so far as the same will show, or tend to show, the actual cost of the production and distribution of electricity during the time mentioned in the complaint.   The motion was denied, and the city appeals.

The motion was denied, as appears from the opinion of the learned justice sitting at Special Term, principally upon the ground that the inspection and discovery sought would not aid the defendant; that the plant has been entirely changed since the electricity was furnished; that some or all of the machinery has been worn out, discarded, or changed, and that other and different methods are now used as to the manufacture; that none of the facts sought to be ascertained can be found in the books now kept; that the books and records which were kept at the time the electricity was furnished have been destroyed. I am of the opinion that the motion should have been granted.   The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, in case it should turn out at the trial that it never had a contract, can recover only the reasonable and fair market value of the electricity furnished; and it is quite apparent that the defendant, unless it can have an inspection and discovery, cannot prepare its case for trial. How can it determine what is the reasonable and fair market value, unless it can ascertain what it actually cost the plaintiff to manufacture and deliver? That the plaintiff has some information on the subject is apparent from one of the affidavits, at least, which was presented in opposition to the motion. There the statement is made that the plaintiff can establish at the trial, in case the same becomes an issue, that the price charged the defendant is "the reasonable and fair and market value of the light and service furnished," and that such fair and market value consists of "the cost of service to the plaintiff, plus a fair profit."

It is hardly credible that a corporation operating a plant as large as this plaintiff does, representing enormous investment of capital, furnishing electricity to hundreds of thousands of different customers, does not now have some record evidence as to what it cost it to furnish to the defendant the electricity for which a judgment is demanded. It cannot be that the cost of such service rests entirely on oral testimony. The court certainly is not bound to accept as conclusively true the assertion of the officers of the plaintiff, or persons in its employ, to that effect. Unless the plaintiff has a contract made in accordance with the provisions of the charter, then it can only recover the reasonable value of the electricity furnished. This the plaintiff will have to prove at the trial, and to enable the defendant to meet that proof an inspection should be permitted. Brigham v. Zaiss, 48 App. Div. 144, 62 N. Y. Supp. 706.

In Funger v. Brooklyn Bottle Stopper Company (decided at the June term, not yet officially reported) 117 N. Y. Supp. 799, this court held, where a discharged employé sought to inspect all the books and papers of the defendant for the purpose of ascertaining what sales were made by it on orders obtained by him upon which his compensation depended, that an order permitting him to do so was improper. The order was reversed, and the motion denied, for the reason as clearly appears from the opinion of Mr. Justice Clarke, that the court was of the opinion that the plaintiff should first ascertain, by an examination of the appropriate officers of the defendant, what particular books and papers contained the information which he desired. Harbaugh v. Middlesex Securities Co., 110 App. Div. 633, 97 N. Y. Supp. 350; Brewster v. F. G. Brewster Co., 127 App. Div. 729, 111 N. Y. Supp. 1026.

But each of those cases is clearly distinguishable from the present one. There, in each case, it appeared there was no necessity for an inspection of all the books and papers, and for that reason the inspection was confined to such part of the books or papers as contained entries or statements affecting the subject-matter of the litigation. Here the plaintiff's business is the manufacture and sale of electricity to thousands of customers, and the reasonable cost thereof can only be determined by showing the amount of capital invested, the actual cost to manufacture and deliver, including taxes and all disburse-

ments for that purpose, and the depreciation of its plant, plus a fair return on the money invested. This will necessitate an examination of its entire business, and for that reason the defendant, in order to prepare itself for trial, should have an inspection of all the books, papers, and documents of the plaintiff, and of its plant, in so far as the same will show, or tend to show, what it actually cost it to manufacture and deliver the electricity for which a recovery is sought.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to the extent here indicated. All concur.

Austen G. Fox, for appellant.
Henry J. Hemmens, for respondent.

