### COSLOW v. MAWHINNEY.

(Supreme Court, Appellate Term. April 11, 1910.)

1. DISCOVERY (§ 104*)—BOOKS OF A GOING CONCERN—EXAMINATION.

The business books of a going concern will not be compelled to be deposited in court for a space of time, nor will the admission of outsiders to the office of the company during business hours for a considerable period be directed, except for cogent reasons.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 104.*]

2. DISCOVERY (§ 104*)—BOOKS.

Though an order for examination of defendant's books limited the inspection to such portions of the books as would show the transactions between defendant and certain customers, it was objectionable, because the inspection might be used for an improper and hostile purpose; the customers being 119 in number, and it not appearing that it would not be necessary to make a roving examination of the entire books to show such transactions.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 104.*]

3. PLEADING (§ 321*)—BILL OF PARTICULARS.

The discretion of the court in ordering a bill of particulars is limited to requiring plaintiff to furnish only those particulars which are within his power to furnish.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 973; Dec. Dig. § 321.*]

Appeal from City Court of New York, Special Term.

Action by Harry Coslow against George S. Mawhinney. From an order granting plaintiff's motion for discovery and an inspection of defendant's books and papers, defendant appeals. Reversed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Holt, Warner & Gaillard (Thomas G. Prioleau, of counsel), for appellant.

Mervyn Wolff (Samuel C. Yeaton, of counsel), for respondent.

LEHMAN, J. The plaintiff has brought an action for commissions which he claims are due him from the defendant upon a contract of employment on a percentage basis. After the joinder of issue, the plaintiff obtained an order for the production and inspection of the defendant's books. The order did not require the production of the books in court, but directed the inspection to be had at the place of business of the defendant and between the hours of 11 a. m. and 2 p. m., and also limited the inspection and copy to such portions of the books as will show the transactions described in the petition between June 17, 1908, and June 17, 1909, between the defendant and certain customers of the defendant specified in the order.

In spite of the careful limitation of the terms on which the inspection may be had, I think the order is not authorized under the practice prevailing in this department. "The business books of a going concern will not be compelled to be deposited in court for a space of time, nor will the admission of outsiders to the office of the company during business hours for a considerable period be directed, except for cogent reasons. * * * At the same time we are of the opinion that plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff is entitled to the information he seeks and is entitled to it to enable him to prepare for trial. * * * He can obtain this information by an examination before trial of the appropriate officer of the company, and upon said examination he can have the books produced upon a subpœna duces tecum to enable said officer to testify accurately." Harbaugh v. Middlesex Securities Co., 110 App. Div. 633, 635, 97 N. Y. Supp. 350, 352. Moreover, such an order is objectionable because the "inspection might be used for an improper and hostile purpose." Strauss v. Von Tobel, 131 App. Div. 823, 116 N. Y. Supp. 95. While the order limits the inspection to such portions of the books as will show the transactions between the defendant and certain customers, these customers are 119 in number, and it does not appear that it will not be necessary to make a roving examination of the entire books to show these transactions.

The respondent claims, however, that the defendant has asked the plaintiff for a bill of particulars, and he is bound to give the plaintiff the opportunity to obtain the information necessary to make such a bill of particulars. The record does not disclose what particulars the defendant has demanded; but it is well established that the discretion of the court in ordering any bill is limited to requiring a plaintiff to furnish only those particulars which are within his power to furnish (People v. McClellan, 191 N. Y. 341, 348, 84 N. E. 68), and the plaintiff is not in any way injured if he is unable to disclose the particulars demanded, and which we must presume the court will not order him to furnish. Moreover, by denying this motion, we are not denying him the relief to which he is clearly entitled, for he can obtain this relief in the more limited form pointed out as the proper practice in the cases above cited.

The order should be reversed, with $10 costs and disbursements, and the motion denied, without prejudice to an application at Special Term for the relief indicated, and to a renewal of this motion should circumstances require it. All concur.