MITCHELL, SCHILLER & BARNES v. FOLLETT TIME RECORDING CO.

(Supreme Court, Appellate Division, First Department. February 17, 1911.)

PRINCIPAL AND AGENT (§ 89*)—ACTION FOR COMMISSIONS—PLEADING.

    The complaint alleged that plaintiff executed an agreement with defendant, which was attached, and that plaintiff had earned commissions from defendant under such agreement, but no part had been paid, and there was now due a certain sum. The agreement recited the appointment of plaintiff as defendant's agent for the sale of time recorders and stated the commissions plaintiff should receive. *Held*, that the complaint did not state a cause of action, it not showing upon what sales the amount claimed was based, and the allegations as to the amount earned being a mere conclusion.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 229–239; Dec. Dig. § 89.*]

Appeal from Special Term, New York County.

Action by Mitchell, Schiller & Barnes against the Follett Time Recording Company. From an order granting a motion for judgment upon the pleadings, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Conway & Weed (Thomas E. O'Brien, of counsel), for appellant.

Kauffman & Herzberg (Leon Kauffman, of counsel), for respondent.

CLARKE, J. Appeal from an order granting judgment on the pleadings. The complaint alleges that plaintiff and defendant are corporations; that on or about the 11th day of December, 1907, plaintiff and defendant entered into an agreement, a copy of which is hereto annexed, marked "Exhibit A," and made a part of this complaint; that plaintiff has earned commissions from the defendant under and by virtue of said agreement; that plaintiff has demanded the payment of said commissions from the defendant; but that no part thereof has been paid; that there is now due and owing to the plaintiff, as and for said commissions under said agreement, the sum of $30,000, for which he demands judgment.

The agreement was that the defendant does hereby constitute and appoint the plaintiff its sole agent for the sale of time stamps and time recorders in a designated territory. The price of time stamps to the purchaser shall be $45 each, of which the plaintiff shall re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceive $20 from the defendant. The price of the time recorder shall be $150 each to the purchaser, of which the plaintiff shall receive $65. In the event, however, of the plaintiff selling the time stamp at a price less than $45 or the recorder at a price less than $150, or giving a discount, such reduction in price or discount shall be deducted from its commissions, so that at all times on all sales the defendant shall receive a net price of $25 on each time stamp and $85 on each time recorder. This commission shall be paid on all stamps and recorders sold in the above territory, whether the same be the first order or re-orders, and whether the purchasers shall have heretofore been customers of the party of the first part or not, and regardless of whether the business shall have been procured through the efforts of the party of the second part or not. Defendant shall bill all stamps and recorders to the purchaser direct at the agreed price, and upon receipt of the payment the defendant shall remit to the plaintiff his commission thereon as above set forth, and the agreement was to continue for three years.

To this complaint the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action, whereupon plaintiff moved for judgment upon the pleadings under section 547 of the Code of Civil Procedure, and, the motion having been granted, defendant appeals. The demurrer was well taken. There is not a fact stated sufficient to constitute a cause of action. There are mere conclusions that the plaintiff has earned commissions, has demanded commissions, and that there is owing $30,000. How he has earned commissions, upon what sales or transactions such commissions were based, and how the sum claimed was arrived at, are not disclosed or suggested.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to the appellant. All concur.