## MORAFF v. KOHN.

(Supreme Court, Special Term, New York County.   June 10, 1912.)

DISCOVERY (§ 38*)—EXAMINATION BEFORE TRIAL—BOOKS AND PAPERS.

Plaintiff, after having left defendant's employ, sued for a commission of 1 per cent. of the gross sales during a specified period, and applied for discovery and inspection of defendant's books, to enable him to ascertain the amount of such sales, to prepare for trial. It did not appear which of the books contained the information plaintiff sought, and defendant answered that plaintiff had left his employ, started a similar business in the immediate neighborhood, and made the application only to ascertain the names and addresses of customers, so that he might interfere with defendant's business further than he had already done. *Held*, that plaintiff's remedy was either to apply for an order to examine defendant, and then apply for a limited order of discovery, or for an examination of defendant before trial, and compel the production of the books by subpœna duces tecum, if necessary, to enable defendant to fully testify.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Action by Isaac Moraff against Samuel Kohn. On motion for discovery and inspection of defendant's books. Denied, without prejudice to further application.

Samuel M. Levy, of New York City, for the motion.
Bogart & Bogart, of New York City, opposed.

GIEGERICH, J. The complaint sets up two causes of action. The first is to recover a sum equal to 1 per cent. of the gross sales of the defendant for the period commencing on the 1st day of May, 1910, and terminating on the 30th day of April, 1911, to which the plaintiff claims he is entitled by virtue of a contract of employment under which he was to have a salary of $35 a week and in addition thereto the sum of 1 per cent. of the gross sales made in the business of the defendant during said period. The other cause of action is to recover damages for the alleged wrongful discharge of the plaintiff. The plaintiff applies for an order requiring the defendant to give him a discovery and an inspection of the defendant's day book, ledger, and journal, and for permission to take copies thereof.

The petition alleges that the defendant in the regular course of his business kept a ledger, sales book, and journal, in which he entered the amount of the sales on which the plaintiff claims to be entitled to 1 per cent., and that it is necessary for the plaintiff, in order to properly prepare for the trial of the action, to ascertain the exact amount of sales during the period in suit. It appears from the allegations of the opposing affidavit, without contradiction on the part of the plaintiff, that he was in the defendant's employment until April, 1911, when he began business for himself; that he is engaged in the same line of business, viz., dealing in carpets and oilcloth, and his place of business is three blocks away; that he has threatened to take away all of the defendant's customers; that several of the books owned by the defendant were kept by a former bookkeeper, one Francis Freedberg

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(or Freedenberg), and that such books the defendant is unable to locate at the present time; that the said Francis Freedberg (or Freedenberg) was in the defendant's employment when the plaintiff began business, but is now employed by the plaintiff. No replying affidavit has been submitted, and the following allegation of the opposing affidavit is also uncontradicted, viz.:

> "The present application is to have me produce all the books in court, so that the plaintiff may examine the same for the alleged purpose of ascertaining the amount of sales made by the defendant during the period of the alleged employment of the plaintiff. I oppose this application, because it is not made in good faith, and is made only for the purpose of ascertaining the names and addresses of my customers, so that the plaintiff can interfere with my business further than he has already done."

It was held in Harbaugh v. Middlesex Securities Co., 110 App. Div. 633, 635, 97 N. Y. Supp. 350, 352, that where the relation between the parties was merely that of employé and employer, and the books sought to be inspected were those of a going concern and were in constant use, a roving commission, entitling the plaintiff to a general investigation of the defendant's books, would be extremely unjust. The court in the course of its opinion in the foregoing case also said:

> "It is alleged in the answering affidavits that the plaintiff is now in the employment of hostile business rivals and that the intent of this examination is sinister. But without this suggestion it is sufficient to say that such an examination should be allowed only when the right thereto is clear and the necessity therefor apparent. At the same time we are of the opinion that the plaintiff is entitled to the information he seeks, and is entitled to it to enable him to prepare for trial. He is bound to make out his case, and he cannot do so unless he knows the sales, the terms, the receipts, and the expenses. He can obtain this information by an examination before trial of the appropriate officer of the company, and upon said examination he can have the books produced upon a subpœna duces tecum to enable said officer to testify accurately."

The papers fail to satisfy me that an inspection of all the books of the defendant is necessary and material to the plaintiff's case. The plaintiff, at the most, is entitled only to an inspection in so far as the books contain entries relating to the subject-matter of the action. Brigham v. Zaiss, 48 App. Div. 144, 62 N. Y. Supp. 706. As already stated, the petition alleges that the defendant in the regular course of his business kept a ledger, sales book, and journal, while according to the order to show cause an inspection of the defendant's day book, ledger, and journal is sought. It is thus not clear which of the particular books sought to be inspected contains the information the plaintiff is seeking; and in order to obtain it the plaintiff should either apply for an order to examine the defendant, and then apply for a limited order for discovery, as suggested in Funger v. Brooklyn Bottle Stopper Co., 132 App. Div. 837, 117 N. Y. Supp. 799, or adopt the method approved in Harbaugh v. Middlesex Securities Co., supra.

The motion is therefore denied, but without costs, and without prejudice to an application to be made upon sufficient papers for either form of relief as indicated. Settle order on notice.