earning upward of a thousand dollars a year and had a wife and four little children dependent upon him.

[3, 4] The serious question in the case arises from the charge of the learned judge to the effect that if the defendant's foreman directed the workmen to take the third board for the purpose of shoring up the ceiling, thus leaving them with only one board, as matter of law the defendant had assumed the risk, and the plaintiff had not. To this charge an exception was duly taken. It is true, as stated by the learned trial judge, that the doctrine of assumption of risk rests upon an implied contract. Under the common law, if a servant by direction goes to work in a room which has an unguarded opening, of which he has knowledge, he assumes the risk. The mere fact of the defendant's direction to go to work in that room does not change the contract which the law implies. Nor, in my judgment, did the direction of the defendant's foreman to take the third plank, thus leaving the plaintiff's intestate and the other workmen with a single plank in the scaffold, change the implied contract arising from the employés' undertaking work or remaining therein with known dangers. While not agreeing with the rule of law charged, in my judgment the change was harmless, because this plank broke by reason of its defect, which by all the proof was not known to plaintiff's intestate. Without knowledge of this defect it is manifest that the doctrine of implied contract does not apply, and the plaintiff's intestate did not assume the risk.

It follows, therefore, that the judgment and order must be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.

---

(160 App. Div. 258)

### ORTMAN v. BAILEY.

(Supreme Court, Appellate Division, First Department. January 23, 1914.)

DISCOVERY (§ 86*)—EXAMINATION OF BUSINESS BOOKS—DISCHARGED EMPLOYÉ.

In the absence of provision therefor in the contract of employment, a discharged employé, suing for a balance of commissions on sales to customers procured by him, is not entitled to order allowing him to examine, during business hours, defendant's business books; his remedy being by examination of defendant before trial, where the books can be produced under a subpœna duces tecum.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

Appeal from Special Term, New York County.

Action by Arthur L. Ortman against Isidor Bailey. From an order granting plaintiff's motion for discovery and inspection of defendant's books, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Isidor Cohn, of New York City, for appellant.
Morris W. Hart, of New York City, for respondent.

CLARKE, J. The petition alleges that the action is brought to recover $1,710 as commission as a salesman of petticoats and bathing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suits for defendant upon an oral agreement whereby it was agreed that the defendants would employ petitioner from January 1, 1913, until July 1, 1913, and agreed to pay petitioner 4 per cent. of the gross amount of goods sold and delivered by defendant to customers procured by petitioner during said term, and to pay the sum of $30 per week as a drawing account, the aggregate amount of which was to be deducted from the aggregate amount of commissions earned by petitioner, and the balance then remaining was to be paid on said July 1, 1913; that petitioner procured customers and orders for such merchandise amounting to $65,000, which were accepted by defendant, and the goods were sold and delivered to the customers so procured, upon which the commissions, after deducting said drawing account, left a balance due of $1,710.

Petitioner avers that he has the names of the customers procured by him and the aggregate sales to all, but has no memorandum of the particular sales. The answer denies the allegations as to commissions and avers that plaintiff was hired as salesman for no definite term, at a weekly salary of $30 per week, and, if he traveled, his necessary traveling expenses in addition thereto, and that he has been fully paid.

The order requires the defendant to permit the plaintiff, his attorney and accountant, to examine his business books during ordinary business hours, with leave to take copies thereof or any part thereof in so far as they relate to and appertain to transactions during the period indicated with the persons, firms, or corporations named in the exhibit annexed to the petition; said examination to continue until concluded.

This court said in Harbaugh v. Middlesex Securities Co., 110 App. Div. 633, 97 N. Y. Supp. 350:

"The relation between the parties was merely that of employé and employer. There was no partnership or joint adventure. His compensation, under the agreement alleged by him, was to be measured by an amount equal to a certain proportion of the receipts of a certain kind, less certain expenses. There was nothing in that relation which entitled him after discharge to an inspection and examination of defendant's books. To allow the plaintiff a roving commission entitling him to a general investigation of the defendant's books would be extremely unjust. The business books of a going concern will not be compelled to be deposited in court for a space of time, nor will the admission of outsiders to the office of the company during business hours for a considerable period be directed except for cogent reasons."

This rule has been consistently followed in this court. Strauss v. Von Tobel, 131 App. Div. 823, 116 N. Y. Supp. 95; Funger v. Brooklyn Bottle Stopper Co., 132 App. Div. 837, 117 N. Y. Supp. 799.

Such an examination has been allowed where the parties in their written contract of employment have agreed that the employé should have such right of inspection. Such agreement is not alleged in the case at bar; on the contrary, the defendant denies absolutely the agreement to pay any commissions. The plaintiff has alleged a complete cause of action. There is no necessity which requires his invasion of defendant's place of business with his attorney and accountant and their inspection of all his business books during the period covered by the employment, because, as pointed out in the cases, supra, he has a

complete remedy by examination before trial, where the books can be produced under a subpœna duces tecum; the difference being that the defendant will then retain the control of his books but can be required to answer in regard to each of the accounts specified in the plaintiff's list of customers, which is all that plaintiff is entitled to, and plaintiff will not be permitted to roam at large and as he will through said books.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to an application for an order for examination before trial. All concur.