MAMIE CONTI, Respondent, *v.* MAX COHEN, INC., Appellant.

First Department, May 27, 1921.

**Master and servant — contract of employment at salary and percentage of profits — action to recover percentage of profits — complaint insufficient which does not allege that profits were earned.**

In an action on a contract of employment at a fixed salary and certain percentage of net profits brought to recover the plaintiff's percentage of the profits, the complaint does not state a cause of action where the plaintiff alleges merely on information and belief that the defendant failed and refused to pay to the plaintiff a sum equal to the percentage of the net profits earned by the defendant during any year or period of accounting and that by reason thereof the defendant owes to the plaintiff the sum demanded in the complaint, and does not allege or show that any profits were earned by the defendant during any accounting period, for it was incumbent upon the plaintiff to show that profits were earned and not paid over as agreed.

APPEAL by the defendant, Max Cohen, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of April, 1921, overruling defendant's demurrer to the complaint.

*I. Maurice Wormser* [*I. Gainsburg*, attorney], for the appellant.

*Lloyd Paul Stryker* of counsel [*Lorenz J. Brosnan* with him on the brief; *Whiteside & Stryker*, attorneys], for the respondent.

LAUGHLIN, J.:

The plaintiff was employed by the defendant as a designer for the period of two years from the 23d day of June, 1915, pursuant to a contract in writing made between the parties on the 21st of June, 1915. Her compensation was to be $100 per week and in addition thereto a sum equal to twenty per cent of the net profits per annum earned by the defendant. She was paid the weekly compensation and brought this action to recover the percentage of profits. The only allegation of the complaint with respect to profits is an allegation upon information and belief that " the defendant failed and

refused to pay to the plaintiff a sum equal to twenty per cent. (20%) of the net profits earned by the defendant during any year or period of accounting," and that "by reason of the premises there is now due and owing from the defendant to the plaintiff the sum of One hundred thousand dollars ($100,000)," for which amount she demands judgment, with costs.

The contract provided that the net profits were to be computed at the end of every six months and paid upon the taking of stock and the ascertainment of the net profits earned by the business for the six months' period, and that the plaintiff should have the right at the time of taking the stock and computing the net profits to have access to the books of the defendant "so that the figures and the stock taking shall be fully known to her and that she shall have full access to any records with respect to the ascertainment of the said net profits so earned as aforesaid." On a former appeal on the authority of *Funger* v. *Brooklyn Bottle Stopper Co.* (132 App. Div. 837) we reversed an order granting the plaintiff an inspection of the defendant's books to enable her to frame a complaint. (*Conti* v. *Cohen, Inc.*, 195 App. Div. 932.) Our reversal on *Funger* v. *Brooklyn Bottle Stopper Co.* (*supra*) plainly indicated that we were of opinion that the plaintiff should have obtained an order for the examination of the defendant for the purpose of identifying the books, an inspection of which might become necessary, and should have made an application then for a limited inspection. Moreover, the plaintiff did not show that at the time of the respective accountings she was deprived of the right given to her by the contract to examine the stock and books of the defendant and to ascertain for herself whether or not the accounting was had in accordance with the contract. The plaintiff, instead of applying for an order for the examination of the defendant and requiring the production on the examination of its books and thus ascertaining the profits, if any, or showing that the accountings were inaccurate, saw fit to attempt to frame a complaint by merely charging generally, as already shown, that she has not been paid twenty per cent of the profits earned during any accounting period. We are of the opinion that the complaint is insufficient in that it does not

show that any profits were earned by the defendant during any accounting period. It is argued theoretically by the respondent that an allegation that there were profits is necessarily implied in the allegations made, but we think not and that it was incumbent upon the plaintiff to show that profits were earned and not paid over as agreed. (*Mitchell, Schiller & Barnes* v. *Follett Time R. Co.,* 142 App. Div. 687; *Nekarda* v. *Presberger,* 123 id. 418; *Tooker* v. *Arnoux,* 76 N. Y. 400; *Clark* v. *Dillon,* 97 id. 370, 373; *Stabilimento Metallurgico Ligure* v. *Joseph,* 189 App. Div. 173, 177; 13 C. J. 724, 725.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs, with leave to the plaintiff to amend upon payment of the costs of the appeal and of the motion.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.