RALPH H. CLYNNE, Respondent, *v.* SCHARF BROS. & SONS, INC., Appellant.

Second Department, May 22, 1925.

**Depositions — inspection and discovery of books — action by assignee of servant for breach of contract of employment — salary was to be percentage of net cost of merchandise purchased by defendant — assignee not entitled to inspection.**

In an action by the assignee of a former servant of the defendant to recover damages arising out of a breach of contract of employment, the plaintiff is not entitled to an inspection and discovery of the books of the defendant, where it appears that the salary of the servant was fixed by a certain percentage of the net cost of goods to be purchased by the defendant, and was not contingent upon the profits.

APPEAL by the defendant, Scharf Bros. & Sons, Inc., from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Nassau on the 10th day of March, 1925, in so far as it directs an inspection

and discovery of certain of defendant's books and records, with permission to plaintiff and his attorneys to make copies thereof, upon an examination directed before trial.

*Avel B. Silverman* [*Charles Goldenberg* with him on the brief], for the appellant.

*Walter M. Schwarz*, for the respondent.

KELBY, J.:

The plaintiff, as assignee of one Isidore Kelman, sued the defendant corporation for damages alleged to have been sustained by the unlawful discharge of Kelman from his employment. By the terms of the written contract of employment, it appears that Kelman agreed to perform certain services for the defendant for a period of ten years, and the defendant promised and agreed to pay him a commission of five per cent " upon all fancy package goods packed at their original source in fancy packages or boxes weighing one-half pound or more, commonly known as ' package goods ' in the United States and generally sold in the original container." The commission of five per cent was also to apply upon all goods purchased by the defendant or its agents from specified firms in Germany and Austria. Upon all other goods imported by the defendant or its agents a commission of three per cent was to be paid. The commission in all cases was to be based upon the net commercial invoice value of the goods f. o. b. steamer foreign port of shipment.

Kelman duly entered upon such employment and, as alleged, performed his part of the contract " fully and entirely," until on or about the 10th of May, 1924, when, without fault on his part, he was discharged.

The answer admits the making of the contract of employment but denies that there was a wrongful discharge or that Kelman fully performed his part of the contract until the date of his discharge. It alleges that Kelman was incompetent, and that by reason of his incompetence the defendant was damaged in the sum of $10,000.

The plaintiff moved for an order directing that the president and the treasurer of defendant appear and be examined before trial, and also directing a discovery and inspection of defendant's books and papers.

The Special Term granted the motion and made an order directing that the two officers named be examined in relation to the matters therein stated. It also directed that upon such examination the defendant produce " any and all consular invoices, other invoices, bills and statements showing the seller of all the merchandise imported by the defendant between March 13, 1923, and March 3, 1925, the net commercial invoice value f. o. b. steamer foreign

port of shipment of each of said items, together with all books of account containing entries showing the merchandise imported by the defendant between the said dates, the net commercial invoice value f. o. b. steamer foreign port of shipment, the date of arrival of each shipment and when it came into the defendant's possession or was placed in warehouse under its control." It was further ordered " that the plaintiff and his attorneys may inspect said invoices, bills, statements, books and records of original entry relating to the importation of said merchandise, and the net commercial invoice value f. o. b. steamer foreign port of shipment in relation to said merchandise, and that the plaintiff and its attorneys be allowed to make copies of said invoices, bills, statements and entries in the books and records of original entry concerning the foregoing."

From that part of the order which directs an inspection and grants permission to copy, the appeal is taken.

There is an inter-departmental conflict of authority on the question whether a former employee is entitled to inspection and discovery. The First Department recognizes this conflict in *Strauss* v. *Von Tobel* (131 App. Div. 823) as follows: " The rule in this department is contrary to that of the Second Department, as enunciated in *Thomas* v. *Waite Co.* (113 App. Div. 494), and was not followed by the Appellate Term in *Pfaelzer* v. *Gassner* (54 Misc. Rep. 579)."

The rule in this department is that while a former employee, merely as such, is not entitled to inspection and discovery, he nevertheless is entitled thereto where his contract of employment provided that he should share in the profits. (See *Thomas* v. *Waite Co.*, 113 App. Div. 494; *Lockwood* v. *Bedell Co.*, 178 id. 695; *Gemson* v. *Perreault*, 201 id. 649; *Burns* v. *Lipson*, 204 id. 643; *Fey* v. *Wisser*, 206 id. 520.)

In the case at bar, however, the compensation of plaintiff's assignor was a varying commission on the net cost to defendant of merchandise purchased by it and its agents through foreign shippers. The right of the plaintiff's assignor to commissions was not contingent upon profits and he had no proprietary interest in the profits. He was merely an employee whose compensation was measured by the invoice value of imports. The plaintiff, his assignee, is not, therefore, entitled to a discovery.

The order, in so far as appealed from, should be reversed on the law, with ten dollars costs and disbursements.

KELLY, P. J., JAYCOX, MANNING and KAPPER, JJ., concur.

Order, in so far as appealed from, reversed on the law, with ten dollars costs and disbursements, and motion for inspection of defendant's books and papers denied.