SAMUEL W. MEISEL, Respondent, v. SPIELMAN MOTOR SALES Co., INC., and SPIELMAN CHEVROLET CORP., Appellants.— On the court's own motion, the decision of this court handed down October 21, 1940 [ante, p. 880], is amended to read as follows: Action to recover compensation for services of the plaintiff as sales manager. Order granting a discovery and inspection modified by striking from the second ordering paragraph the words " Spielman Motor Sales Co., Inc., and " and inserting after " October, 1938," the following: " and Spielman Motor Sales Co., Inc., for the term commencing November, 1937, and ending October, 1938,". As thus modified, the order is affirmed, without costs, the examination to proceed on five days' notice. Plaintiff is entitled to discovery and inspection (Clynne v. Scharf Bros. & Sons, Inc., 213 App. Div. 286, 288) only in reference to those causes of action where his employment contract provided that he should share in profits or where his compensation was contingent upon profits. (Clynne v. Scharf Bros. & Sons, Inc., supra; Thomas v. Waite Co., 113 App. Div. 494; Lockwood v. Bedell Co., 178 id. 695; Gemson v. Perreault, 201 id. 649; Burns v. Lipson, 204 id. 643; Fey v. Wisser, 206 id. 520.) The modification directed eliminates discovery and inspection as to the causes pleaded in which profits are not thus involved. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

FANNY PEREVOSKIN, as Administratrix, etc., of MORRIS PEREVOSKIN, Deceased, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— Action for damages for wrongful death. Plaintiff claims that her decedent slipped on a dangerous condition of frozen snow on defendant's subway station platform and was precipitated into the space between two cars of a train coming into a station. The court dismissed the complaint. Judgment reversed on the law and a new trial granted, with costs to abide the event. The theory of the court's action was that there was insufficient proof of notice. The proof on the issue of notice was prima facie sufficient to enable a jury to find that the defendant had constructive notice of a dangerous condition on its platform, because of which the plaintiff's decedent fell. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

MAE Q. PROBST, Respondent, v. FREDERICK S. PROBST, Appellant. (Appeal No. 1.) — For the purpose of settling the order to be entered upon the decision of this court dated July 2, 1940 [259 App. Div. 1090], and counsel being unable to agree upon certain facts, the matter is referred to an official referee to take proof and report to this court as to the periods of time between January 16, 1920, and February 13, 1929, when the son was supported solely by himself or by third parties other than the plaintiff, exclusive of the period during which the sum of $1,632 was paid by direction of the County Court. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.