JOHN J. HAY, Respondent, *v.* REPUBLIC TRADING COMPANY, Appellant.

Second Department, October 31, 1918.

Discovery — examination of books and papers of defendant — right to examine private books or papers.

An order for the discovery of books and papers which directs the defendant to produce " the books of account, documents and all other papers and books containing the transactions of said defendant " between certain dates, gives to plaintiff the right to examine any private papers or books of defendant, and in this respect is entirely too broad.

The privilege of examining the private books and papers of a party to an action should not be allowed unless it is made to appear that the examination of the particular books and papers is necessary. In an application for such an examination the particular books and papers should be specified.

APPEAL by the defendant, Republic Trading Company, from an order of the Supreme Court, made at the Kings County Special.Term and entered in the office of the clerk of the county of Kings on the 13th day of September, 1918, as resettled, directing the discovery of defendant's books and papers herein.

*Wales F. Severance,* for the appellant.

*Max H. Newman,* for the respondent.

RICH, J.:

This appeal is from an order directing discovery of books and papers of the defendant.

The motion was for leave to inspect and copy items in the books of account in possession of defendant, etc., and the order provides that " defendant produce and deposit with the

clerk of this Court, the books of account, documents and all other papers and books containing the transactions of said defendant between May 26th, 1916, and November 26th, 1917, and that said books and papers remain subject to the inspection and copy of the plaintiff and his attorney herein, and such accountants as said plaintiff may employ for the space of thirty days after such deposit and notice thereof to his attorneys; or, that in place of depositing with said clerk of this Court the said books of account, documents and other papers, that defendant may retain them at its business office, in which case it shall, within five days after the service upon its attorney of a copy of this order, notify plaintiff's attorney of its election to retain said books of account, documents and all other papers and books, and the same shall thereupon be open to the inspection and copy by plaintiff, his attorney, his accountants and assistants from one to five P. M., on each business day."

The order gives to plaintiff the right to examine any private papers or books of defendant, and in this respect it is entirely too broad. While great liberality has been shown in extending the right of discovery and inspection, I am unaware of any authority where the privilege of examining the private books and papers of a party to an action has been upheld unless it has been made to appear that the examination of the particular books and papers is necessary. The plaintiff could undoubtedly make a case entitling him to inspect defendant's books and papers in so far as they relate to the subject-matter of the action, and the approved practice in making such an application would be to specify the particular books and papers sought to be examined. The court may then judge as to the necessity for the examination and give directions as to its scope.

The order should be reversed and the motion denied, with ten dollars costs and disbursements, without prejudice, however, to renewal as to the specific books and papers shown to be material.

THOMAS, MILLS, PUTNAM and KELLY, JJ., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements, without prejudice, however, to renewal as to specific books and papers shown to be material.