THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HEWITT C. NORCROSS, Appellant.— Judgment of the County Court of Suffolk county convicting the defendant of the crime of operating a motor vehicle while in an intoxicated condition in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES E. FOLSOM, JR., Appellant, v. LEWIS E. LAWES, as Warden of Sing Sing Prison, Respondent.— Order dismissing writ of habeas corpus affirmed. No opinion. Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Hagarty, J., concurs in the result. He is, however, of opinion that the relator is entitled to have determined at this time the legality of the additional sentence of not less than five nor more than ten years, imposed under the provisions of section 1944 of the Penal Law, and that the proper procedure is by way of an application for an order of mandamus. (*People ex rel. Sloane* v. *Lawes*, 255 N. Y. 112.)

THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of EDITH J. MISTARKA, Respondent, v. WALDO ERICKSON, Appellant.— Order of filiation of the Children's Court of the county of Dutchess unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

JOSEPH M. SCHWARTZ, Appellant, v. JEANETTE BRILL, Respondent.— Order granting motion to vacate notice of examination before trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

B. WILLIAM SELWYN, Respondent, v. WALTER TYPOGRAPHIC SERVICE, INC., and ADOLPH SAMUELS, Appellants.— Plaintiff sues upon an alleged contract to recover for commissions on sales made during his period of employment and on " recurring " sales. The answer is a general denial. Plaintiff moved for a discovery and inspection and an examination before trial. An examination before trial and production of books for the purpose of refreshing the recollection of the witness was granted. The motion for discovery and inspection was denied, without prejudice, if it should later appear necessary. Defendants appeal from that·part of the order which grants the motion for examination and which grants plaintiff leave to renew his motion for discovery and inspection if, after the examination shall have been held, it should appear that discovery and inspection is necessary. While defendants claim to have furnished plaintiff with statements of commissions earned during the period of employment, there is no proof that these statements were complete and accurate, and there is no claim that statements were delivered to plaintiff covering " recurring " business after the termination of plaintiff's employment. Plaintiff has the burden of proof. He is not engaged in the same line of business in competition with defendants, and is entitled, as a matter of discretion, to obtain from defendants the necessary data for the purpose of proving his case. Order in so far as appealed from affirmed, with ten dollars costs and disbursements. (*Harbaugh* v. *Middlesex Security Co.*, 110 App. Div. 633; *Gemson* v. *Perreault*, 201 id. 649.) The examination shall proceed on five days' notice. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.