AUGUSTA KNITTING CORPORATION, Respondent, v. MAX OGUST, Doing Business under the Assumed Business Name and Style of AUGUST KNITWEAR COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. Memorandum: Defendant-appellant's motion to move the place of trial from Oneida county to New York county was denied. The action is to restrain alleged unfair business competition, particularly in the use of a trade name so similar to plaintiff's that it is calculated to deceive customers. The five witnesses, in New York, whom defendant says he will call, are customers who will testify that defendant was not guilty of deceitful conduct in his dealing with them. This is purely negative testimony and does not meet the issue. Plaintiff's case does not depend upon proof that any customer was actually deceived. The question will be whether or not defendant's practices and choice of a trade name are such as are reasonably calculated to deceive. (*Colman* v. *Crump*, 70 N. Y. 573; *Ford Motor Co.* v. *Cady Co.*, 124 Misc. 678; affd., with modification, 214 App. Div. 838.) All concur. (The order denies defendant's motion for change of venue.) Present — Sears, P. J., Crosby, Lewis, Cunningham, and Taylor, JJ.|

MARGUERITE MCMAHON, Appellant, v. ALFRED JOHN PURVIS, Respondent.— Judgment reversed on the law and verdict reinstated, with costs. Memorandum: The record contains evidence from which the jury was justified in finding that the proximate cause of plaintiff's injury was defendant's violation of sections 67 and 81, subdivision 6, of the Vehicle and Traffic Law, and that the plaintiff, particularly in view of these sections, was free from contributory negligence. All concur. (The judgment dismissed plaintiff's complaint after the jury had returned a verdict in favor of plaintiff, in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

GEORGE W. WASLEE, Respondent, v. W. D. CARPENTER Co., INC., Appellant.— Order reversed on the facts as matter of discretion, without costs, without prejudice to a motion for an examination of the defendant before trial, with the production of books and papers in aid of the examination. Memorandum: Compliance with the order appealed from may and probably will result in a roving examination of a great mass of defendant's private accounts. This should be avoided, if possible, and we are of the opinion that the plaintiff's rights will be sufficiently assured and his purpose satisfied under the usual order for examination before trial pursuant to sections 288, 289 and 296 of the Civil Practice Act. All concur, except Dowling, J., who dissents and votes for affirmance. (The order grants plaintiff's motion for inspection of records of defendant in an action to recover salary and commissions due under a contract.) * Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.