Morris Eder, J.
Plaintiff moves for an order (1) to examine defendant before trial, (2) to require defendant to produce at said examination designated books, records and papers for use pursuant to section 296 of the Civil Practice Act, and (3) to require discovery and inspection of the items designated in (2) pursuant to section 324 of the Civil Practice Act.
The complaint demands damages in a very substantial amount for breach of an alleged agreement settling a controversy between the parties which was the subject matter of a suit in California. In addition to various denials, the answer sets up two counterclaims based upon alleged fraud and conspiracy *335 with regard both to the original claim made by plaintiff and the agreement of settlement. Plaintiff’s reply denies these allegations and sets forth some affirmative defenses.
Together with the reply served on February 23,1955 plaintiff served this motion. The reply concededly is the last joinder of issue.
Defendant urges denial of the motion as premature is required in accordance with subdivision 1 of rule XI of the Trial Term Rules of the Supreme Court for New York County which provides : “ 1. Except in actions for personal injuries or wrongful death based on negligence, if less than thirty days after the last joinder of issue a notice is served or a motion is made for the taking of testimony by deposition, it shall be deemed premature unless it shall appear that there is reason for proceeding without first affording the adversary party time within which to elect to make motions addressed to the pleadings.”
Plaintiff’s first argument is, in effect, that the provision for a 30-day waiting period is improper as inconsistent with rule 121-a of the Rules of Civil Practice which grants any party the right to take the deposition of any other party in any action “ at any time after the service of an answer ”. It cites section 83 of the Judiciary Law providing that the Appellate Division in each department may adopt “ any special rule for such department not inconsistent with any statute or rule of civil practice
In my opinion there is no inconsistency, but rather a reasonable modification of the broad language of rule 121-a insofar as actions other than personal injury or death actions are concerned, the amendment being directed on a reasonable basis to prevent unnecessary and confusing notices and motions for examinations during that short period when the adversary may look into the question of amendments, motions to dismiss or other motions addressed to the pleadings. Inconsistency there would be if, for example, the special rule provided that notices of examinations might be served prior to answer. A reasonable time limit having a sound basis and limited to certain actions where pleading motions may well be anticipated cannot be regarded as inconsistent merely because it sets a specific standard applicable to one department as a modification of the general rule; this must be deemed within the intendment of the authorization to each Appellate Division to adopt special rules.
Plaintiff next argues that defendant’s affidavits express no intention to make any motions addressed to the pleadings and it thus infers that the rule should not be applied. The burden *336 for proceeding in violation o'f the rule may not be shifted in this manner to the opposing party who is given a full 30 days to elect whether to make such motion.
Plaintiff then urges that rule XI specifically directs that a justice in the exercise of discretion may depart from the guides therein set forth when good cause is shown, and that such special circumstances do exist in this case. It may be that a very substantial sum is here involved and that, from plaintiff’s point of view, its cause of action is highly meritorious and morally supportable. These, however, are not the considerations which should motivate an exception being granted as to subdivision 1. Exceptions given too freely on grounds other than those stated or reasonably to be inferred, will cause a frittering away of the rule itself. It would appear that special circumstances relating to the time element alone permit of an exception to the 30-day provision. No such showing is here made, and no prejudice to plaintiff’s cause would result if the rule is applied.
Plaintiff finally raises the contention that it is at least entitled to a discovery and inspection. Section 324 of the Civil Practice Act, and rule 140 of the Rules of Civil Practice, which provide for the granting of such relief upon application to the court on notice, are silent as to when such motions may be made, and rule XI deals only with “ Priority of Examination of Parties before Trial ”. Presumably a discovery and inspection may be sought at any time after issue is joined. The proper procedure, in the absence of special circumstances, is however, to withhold such remedy of a general inspection unless it appears necessary in view of the inadequacy of an examination before trial with only the limited inspection permissible under section 296 of the Civil Practice Act. Accordingly, a discovery and inspection will be denied where an examination before trial will produce the same result (Waslee v. Carpenter Co., 255 App. Div. 827).
Plaintiff does claim special circumstances here based upon information and belief that defendant is “ currently ” removing its business and records to California. The opposing affidavits conclusively show that defendant, a responsible corporation with 52,000 stockholders, moved its executive offices and records in 1952, long prior to this action, and that its records will be available for proper order at the appropriate time.
Granting a discovery and inspection within the 30-day limit merely because an examination before trial is then barred by the ride, would frustrate the very purpose of the rule and render *337 it meaningless and ineffective. A proper and particular showing must be required to be made to warrant the granting of a discovery prior to an examination before trial.
The final request made that this motion be marked adjourned to a day past the 30-day period must be refused, it seems to me, since this would constitute a waiver to some extent of the provisions of the rule, which should be enforced in accordance with its terms. Moreover, supplementary events affecting the motion may take place and, in any event, additional papers by defendant addressed to the merits will be then required.
The motion is accordingly denied as premature, without prejudice and with leave to renew after 30 days from the last joinder of issue.