Owen McGivern, J.
Motion for discovery and inspection in a minority stockholder’s derivative action is denied.
Plaintiff seeks to inspect virtually every document of 14 corporations, not all of which are parties to this action and some of which are not even mentioned in the complaint; in addition, the application does not fulfill two important requirements of motions for such relief.
Number one, the papers do not show that the requested documents are evidence rather than clues to evidence. In People ex rel. Lemon v. Supreme Court (245 N. Y. 24, 28-29) Chief Judge Cardozo said: “ So familiar in civil causes has the remedy become that many who invoke it have forgotten in all likelihood its origin in history as the creature of a statute. Yet even in civil causes, with all the statutory reinforcement of the sparse and narrow remedy, itself ‘ in the nature of a usurpation ’ (McQuigan v. D., L. & W. R. R. Co., supra [129 N. Y. 50], at p. 55), that had grown up at common law, the jurisdiction has its. limits (Civ. Prac. Act, § 324). Documents are not subject to inspection for the mere reason that they will be useful in supplying a clew whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves (Falco v. N. Y., N. H. & H. R. R. Co., 161 App. Div. 735, 737; *314 Woods v. De Figaniere, 25 How. Pr. 522, 526, 527; Knight v. Marcuess of Waterford, 2 Y. & C. Ex. 22, 36).”
Secondly, the movant has failed to show that all the documents are ones “ relating to the merits of the action ” (Civ. Prac. Act, § 324). A general inspection of all records, relevant and irrelevant, will not be allowed. In Hay v. Republic Trading Co. (184 App. Div. 537, 538) an order granting a discovery and inspection was reversed, the court stating: “ The order gives to plaintiff the right to examine any private papers or books of defendant, and in this respect it is entirely too broad. While great liberality has been shown in extending the right of discovery and inspection, I am unaware of any authority where the privilege of examining the private books and papers of a party to an action has been upheld unless it has been made to appear that the examination of the particular books and papers is necessary. The plaintiff could undoubtedly make a case entitling him to inspect defendant’s books and papers in so far as they relate to the subject-matter of the action, and the approved practice in making such an application would be to specify the particular books and papers sought to be examined. The court may then judge as to the necessity for the examination and give directions as to its scope.”
In Waslee v. Carpenter Co. (255 App. Div. 827) the court said: “ Compliance with the order appealed from may and probably will result in a roving examination of a great mass of defendant’s private accounts. This should be avoided, if possible, and we are of the opinion that the plaintiff’s rights will be sufficiently assured and his purpose satisfied under the usual order for examination before trial pursuant to sections 288, 289 and 296 of the Civil Practice Act.”
In the instant case plaintiff does not show that an examination before trial would not satisfy his requirements in preparation for trial. In Norfolk Ins. Co. v. Blair Holdings Corp. (2 Misc 2d 333, 336) Mr. Justice Eder said: “ The proper procedure, in the absence of special circumstances, is, however, to withhold such remedy of a general inspection unless it appears necessary in view of the inadequacy of an examination before trial with only the limited inspection permissible under section 296 of the Civil Practice Act. Accordingly, a discovery and inspection will be denied where an examination before trial will produce the same result (Waslee v. Carpenter Co., 255 App. Div. 827).”
The fact that plaintiff is a stockholder of some of the corporations whose books he seeks to inspect does not increase his rights on this motion under section 324 of the Civil Practice *315 Act, where, as pointed out above, inspection is limited to relevant evidence. The pendency of this action does not preclude plaintiff from seeking, in a proceeding under article 78 of the Civil Practice Act, the broader inspection of the hooks of such corporations to which he is entitled as a stockholder. (Matter of Rogers v. American Tobacco Co., 143 Misc. 306, 309, affd. 233 App. Div. 708.) In such a proceeding the question of plaintiff’s good faith, if properly raised, can be determined at a plenary trial. (Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464, 468.) Such practice is preferable to deciding the issue on affidavits, since one of the defendants herein has alleged that plaintiff is interested in a “ competitive concern ” and that the inspection plaintiff seeks would furnish information of value to that concern.
The denial of the instant motion is without prejudice to any proceeding plaintiff may choose to bring under article 78 of the Civil Practice Act, to an examination before trial with incidental production of hooks and records as authorized by section 296 of the Civil Practice Act, or to a new application for discovery and inspection based upon a showing that specific documents containing relevant evidence are required and that an examination before trial has proved to be an inadequate remedy.