■ IRVING GROSS, Individually and on Behalf of EAST COAST LUMBER TERMINAL, INC., the Directors and All Stockholders Similarly Situated, Respondent, v. VIRGIL M. PRICE, Individually, and as President, Director and Stockholder of EAST COAST LUMBER TERMINAL, INC., and of BROAD HOLLOW ESTATES, INC., et al., Appellants.— In a stockholder's derivative action, defendants appeal from so much of an order as grants plaintiff's motion for a discovery and inspection of books, records and documents of the corporate defendants, and for an examination before trial of two of the individual defendants and of said corporations, by certain designated officers, and directs the defendants upon said examination before trial to produce books and records for identification in addition to the use thereof to refresh the memory of any of said witnesses. Order modified by striking therefrom the third, fourth, fifth and sixth ordering paragraphs thereof and by substituting therefor the following: "Ordered that the motion for a discovery and inspection is hereby denied with respect to items 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18 and 19 of Schedule A annexed to the notice of motion, without prejudice to a new application by plaintiff for a discovery and inspection upon a showing that specific documents containing relevant evidence are required and that the examination before trial has proven to be an inadequate remedy". Order further modified by striking from the seventh ordering paragraph the words "by Virgil M. Price, its President, by Robert H. Reighter, Jr., its Assistant Secretary, and by Alice Price, also known as Alice Walter, its Secretary", and also the words "by Virgil M. Price, its President and by Alice Price, also known as Alice Walter, its Secretary", and by substituting in each instance the words "by one or more of its officers or employees having knowledge of the facts". Order further modified by striking therefrom the eighth and ninth ordering paragraphs and by substituting therefor the following: "Ordered, that upon such examination the defendant East Coast Lumber Terminal, Inc., and defendant Broad Hollow Estates, Inc., shall produce the books, accounts, documents and records set forth in items 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, and 19 of Schedule A annexed to the notice of motion for all purposes provided by section 296 of the Civil Practice Act". As so modified, order, insofar as

appealed from, affirmed, without costs; examination to proceed on five days' notice. Plaintiff's affidavit in support of the motion fails to set forth facts from which it can be determined that an examination before trial with a direction to defendants to produce books and records, as provided by section 296 of the Civil Practice Act, will be an inadequate remedy. (Cf. *Weistrop* v. *Necchi Sewing Mach. Sales Corp.*, 2 Misc 2d 312, affd. 1 A D 2d 822.) Defendants should not in the first instance be required to produce for examination any specific officer or officers chosen by the examining party. (*United States Overseas Airlines* v. *Cox*, 283 App. Div. 31.) If, after examination of the persons produced, it shall appear that a further examination of any specific person or persons, or a discovery of books and papers pursuant to section 324 of the Civil Practice Act is necessary, application therefor may be made to the court. (*Hansen* v. *City of New York*, 283 App. Div. 891.) Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.