A. David Benjamin, J.
Plaintiff as administrator of the estate of Liborio Conte seeks discovery and inspection pursuant to section 324 of the Civil Practice Act of certain papers, documents and records in the possession of the defendant city.
Decedent, while digging a sewer line and while in the employ of Melbros & Manco Construction Corp., was injured on April 25, 1958 when the trench in which he was working collapsed, *367 and he died three days later as a result of the injuries sustained. Plaintiff claims that decedent’s employer was a subcontractor of the City of New York and seeks discovery and inspection of the items sought to frame a complaint against the city.
Defendant city does not oppose the discovery of the first item, to wit, the contract between Melbros & Manco Construction Corp. and the City of New York. Motion granted as to this item.
Plaintiff also seeks to discover reports of city inspectors relative to the construction work in the sewer line done by Melbros & Manco Construction Corp. and all correspondence between decedent’s employer and the bureau of public works or the bureau of sewers relative to such sewer line construction and of any specifications not contained in the contract between Melbros & Manco Construction Corp. and the City of New York. To all of these defendant city objects.
The demands for these items are couched in vague and general language. No particular reports, specifications or correspondence are sought nor do the moving papers indicate the materiality, relevancy or necessity therefor or that they relate to the merits of the action. (Paliotto v. Hartman, 2 A D 2d 866; Milberg v. Lehrich, 2 A D 2d 860.) The material sought may not be discovered solely because it may be helpful in disclosing where evidence may be found (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 29). Nor does the plaintiff indicate which of the items desired are evidence. Records and reports to be subject to inspection must be evidence themselves. (Ehrlich v. New York Central R. R. Co., 251 App. Div. 721; Milberg v. Lehrich, supra.)
Generally the remedy of discovery and inspection is withheld unless it appears that an examination before trial has been inadequate (Battaglia v. New York City Tr. Auth., 2 A D 2d 985).
The motion is therefore denied as to the remaining items, without prejudice to a subsequent application upon a showing that specific documents containing relevant information are required and that an examination before trial has proven to be an inadequate remedy (Gross v. Price, 2 A D 2d 707).