Mario Pittoni, J.
This action is for commissions earned as a selling agent, and is based on all the merchandise shipped by the defendant on orders accepted during the life of the agreement in the area in which the plaintiff represented the defendant.
The plaintiff now moves for discovery and inspection of all account books, vouchers, order books, shipping invoices and other records and ledgers of the defendant for the period from January 2, 1958 to July 1, 1959.
It is established that there is no right to a discovery and inspection when the commissions do not depend on profits (Clynne v. Scharf Bros. & Sons, 213 App. Div. 286 [2d Dept.]; Ortman v. Beiley, 160 App. Div. 258). The remedy, if any, is by examination before trial. The cases cited by the plaintiff, Shargel v. Gulland (52 N. Y. S. 2d 142) and Selwyn v. Walter Topographic Serv. (246 App. Div. 766), merely authorize examinations before trial.
Generally, a discovery and inspection is not allowed unless it appears that an examination before trial has been inadequate (Conte v. City of New York, 12 Misc 2d 366; Battaglia v. New York City Tr. Auth., 2 A D 2d 985 [2d Dept.]).
Furthermore, even if otherwise authorized, the motion must be denied. Section 324 of the Civil Practice Act only authorizes discovery and inspection as to things 1 ‘ relating to the *85 merits of the action ’ ’. The third paragraph of the complaint claims that commissions were to be based ‘ ‘ on all merchandise shipped on orders accepted during the life of the said agreement in the territories and areas in which plaintiff represented defendant.” The request to examine all the records and ledgers seems too broad. It is not indicated what is the materiality or necessity therefor or how they relate to the merits of the action. “ Documents are not subject to inspection for the mere reason that they will be useful in supplying a clew whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves ”. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 29.) Certainly all the records of the defendant do not relate to the merits of the plaintiff’s claim, and would not be evidence in his favor. “ [T]he approved practice in making such an application would be to specify the particular books and papers sought to be examined.” (Hay v. Republic Trading Co., 184 App. Div. 537, 538.) Here, for example, the shipping invoices could relate to the merits of the claim; but even in such case the plaintiff is interested only in goods shipped in the territory in which he represented the defendant. He has not indicated in his pleadings what such territory was. Thus he has not shown that the books and papers relate to the merits of his claim. ‘ ‘ A general inspection of all records, relevant and irrelevant, will not be allowed.” (Weistrop v. Necchi Sewing Mach. Sales Corp., 2 Misc 2d 312, 314, affd. 1 A D 2d 822.)
The motion for discovery and inspection is denied.
Order signed.