Samuel M. Gold, J.
Plaintiffs move for discovery and inspection pursuant to section 324 of the Civil Practice Act, and rule 140 of the Rules of Civil Practice. In their first cause of action, plaintiffs requested the rescission of a contract which covered the sale by defendant to plaintiffs of a certain photoengraving machine. Plaintiffs alleged as grounds for such a rescission, inter alia, that the machine contained latent defects and that defendant had falsely represented to plaintiffs that the process utilized by the machine was the exclusive property of the defendant, that the title was protected by a United States patent or patents, and that plaintiffs would freely be able to use the machine without having to pay any royalties or other fees. Certain exhibits, made a part of the complaint, indicated that demands actually were made upon plaintiffs by an independent company (The Wire Coating and Mfg. Co. of Cleveland, Ohio) requiring them to pay royalties for the continued use of the process, under certain patent rights claimed by said independent company. To the plaintiffs’ charges, defendant interposed a general denial, which has effectively put the aforesaid allegations in issue.
Plaintiffs have concluded an examination before trial of defendant by one of its salesmen. Said salesman testified vaguely, as to patent conflicts between the defendant and the said Wire Coating and Mfg. Co., but failed to produce any books or records relevant to the inquiry. Plaintiffs now state that such examination has proven inadequate (Battaglia v. New York City Tr. Auth., 2 A D 2d 985). They request a discovery and inspection of all documents, papers, records, etc., bearing upon: (1) “ any and all applications for chemical patent *578 or patents of the process or processes utilized in the Acme One-Bite Etching machine sold by the defendant to the plaintiffs herein, as well as' any aplications for patent or patents with respect to and bearing upon the mechanical features of the aforesaid machine ”; (2a) “U. S. Patent No. 2,701,186, ‘ Method of Making Photo-Engraving Plate’”; and (2b) the aforesaid patent, 11 by and between The Wire Coating & Mfg. Company or defendant as assignee, and Robert H. Hendrich and Dudley L. O ’Brien Jr., as assignors ’ ’, together with all records as to business transactions, claims and litigation by and between the defendant and the patent assignors.
Discovery and inspection will be allowed where there is a showing that the records desired are in the custody or control of the party specified (Goldstein v. Kaye, 2 A D 2d 889); that they are relevant to particular issues in the case (Paliotto v. Hartman, 2 A D 2d 866); and that they will be admissible in evidence on trial (Milberg v. Lehrich, 2 A D 2d 860). The documents requested for inspection must be related to the merits of the action (Civ. Prac. Act, § 324). Upon the issues of the case herein, plaintiffs have a right to learn whether defendant has applied for other patents covering the chemical processes or mechanical features, or any parts thereof, employed by the machine sold by the defendant to the plaintiffs. Plaintiffs may also ascertain through inspection of the defendant’s records what happened to the particular patent allegedly covering the process or processes used by the said machine.
Nevertheless, “ a general inspection of all records, relevant and irrelevant, will not be allowed” (Weistrop v. Necchi Sewing Mach. Sales Corp., 2 Misc 2d 312, affd. 1 A D 2d 822). Litigation papers having the status of privileged communications may not be discovered (Bloodgood v. Lynch, 293 N. Y. 308, 314). The inspection of records of a corporation or of persons who are not parties to the action will not be permitted (Rubel Corp. v. Rosoff, 251 App. Div. 868; Goldstein v. Kaye, supra).
In light of the foregoing, subdivision (1) of plaintiffs’ motion is granted to the extent of allowing discovery and inspection of “ all applications for chemical patent or patents of the process or processes utilized in the Acme One-Bite Etching machine sold by the defendant to the plaintiffs herein, as well as any applications for patent or patents with respect to and bearing upon the mechanical features of the aforesaid machine ” in the possession of the defendant; and subdivision (2a) is granted, but only as to those documents which are material and necessary to the litigation. Nevertheless, no *579 discovery or inspection is granted as to public documents or records since such may be secured by plaintiffs in the usual manner. Subdivision (2b) is denied in its entirety. However, as to this part of the motion, plaintiffs may still proceed with an examination before trial of the witness Hendrich, if in conformity with the order of Mr. Justice Capozzoli, relating thereto (N. Y. L. J., Ang. 21, 1959, p. 3, col. 5). Any further objections which are raised as to the discovery of any documents ordered herein will be passed upon by the Justice sitting at Special Term, Part II, of this court.