Francis J. Donovan, J.
This is an action for salesman’s commissions. Defendant moves to preclude plaintiff from adducing evidence as to the items set forth in a demand for a bill of particulars. Plaintiff cross-moves for discovery and inspection of various books of account and miscellaneous fiscal records and documents, more specifically described in the moving papers.
The motion to preclude: The action was commenced on May 28, 1960 by summons with indorsement of oral complaint. By order of this court, dated June 9,1960, plaintiff was required to serve and file a long-form written complaint. The demand for a bill of particulars was subsequently served, but such service was prior to the service and filing of the new complaint. The new written complaint superseded the oral complaint, and all proceedings directed toward or based upon the oral complaint, including the demand for particulars of such complaint abated.
The motion to preclude is denied.
The motion for discovery and inspection: Defendant cites Pryer v. Henderson (21 Misc 2d 256) for the proposition that this court is without power to order a discovery and inspection pursuant to section 324 of the Civil Practice Act. The Fryer case was decided on December 18, 1959. The lack of power was predicated on the fact that the Civil Practice Act limited such power to courts of record, and no specific provision of the Nassau County District Court Act supplied such power. Promptly following that decision the State Legislature, by chapter 575 of the Laws of 1960, amended section 261 of the Nassau County District Court Act by inserting the words, “ and notwithstanding any limitation of the application of the civil practice act and the rules of civil practice to courts of record ’ ’.
The obvious intent of the amendment was to confer the power which the Appellate Term found lacking. The Pryer case (supra) is no longer applicable.
Since the power has been supplied, it follows that a motion for discovery and inspection is addressed to the discretion of the court. In exercising its discretion, the court would ordinarily weigh the matter in terms of necessity for the relief, convenience and burden of the respective parties and make a determination based upon the facts and circumstances surrounding the particu *407 lar application. Viewed in such, light, there is need shown in the moving affidavit and no facts in the opposing affidavit to show any undue burden or prejudice to the defendant.
However, the discretion of this court is confined by the rulings of superior courts. In the face of the decisions cited and the succinct restatement of the case law in Hoffman v. Consolidated Avionics Corp. (20 Misc 2d 84), this court is constrained to deny the motion for discovery and inspection. Both the main motion and the cross motion are denied, without costs.