**ALL NEW YORK AUTO CORP. et al., Respondents, v. RENAULT, INC., Appellant, et al., Defendant.—** The essence of the action is the claimed substantial legal damage sustained by the plaintiffs by reason of the expenditure of vast sums in furtherance of an alleged franchise agreement, which plaintiffs assert was wrongfully terminated by defendant. The information sought is essential to defendant in preparing its case for trial. (*City Messenger Serv. of Hollywood* v. *Powers Photoengraving Co.*, 7 A D 2d 213.) Concur — Rabin, J. P., McNally, Stevens and Steuer, JJ.; Eager, Jr., dissents in the following memorandum: I would affirm. There is, in my opinion, no showing here to justify the direction for production *en masse* of all books of account and accounting records of the respective plaintiffs. It is conceded that the plaintiffs handled more than one line of cars and conducted business independent from the Renault car business, and thus the books and records contain much irrelevant private matter. Under these circumstances, the defendant was bound upon its examination before trial to develop the materiality and relevancy of particular records sought. Then, at the least, on its application for discovery and inspection, it was bound to identify the particular records kept by the respective plaintiffs which have relevancy and show the relevancy thereof. All we have here is a general and conclusory affidavit of an attorney for the defendant, *referring only to the books of one plaintiff,* and without incorporation of or reference to several portions of the examinations before trial showing relevancy of any particular books or records. This does not authorize a roving examination into the private accounts of the five plaintiffs. (See *Milberg* v. *Lehrich,* 2 A D 2d 860; *Haffenberg* v. *Wending,* 271 App. Div. 1057; *Waslee* v. *Carpenter Co.,* 255 App. Div. 827; *Hay* v. *Republic Trading Co.,* 184 App. Div. 537.) Settle order on notice.