Arthur G. Klein, J.
Motion for an order directing the corporate defendant to produce for discovery and inspection, pursuant to section 324 of the Civil Practice Act, all of its records relating to its financial condition; and plaintiff’s “ companion ” motion for a similar order directed to H. M. C. Supply Corp., a wholly-owned subsidiary of the corporate defendant, are denied, without prejudice to plaintiff’s right to renew said original motion after completion of his examination before trial of the corporate defendant. The cross motion of the individual defendant seeking a discovery and inspection of the minute books of the corporate defendant is granted, and said defendant is directed to produce those books for discovery and inspection by the individual defendant at Special Term, Part II of this court at 10:00 a.m., 10 days after service of a copy of the order herein with notice of entry thereof, or at such other time and place as may be agreed upon by said defendants.
In this action for breach of a contract to redeem certain stock of the corporate defendant owned by plaintiff, and for misrepresentation by the individual defendant, formerly president of the corporate defendant, plaintiff seeks discovery and inspection of all of the financial records of the corporate defendant and its wholly-owned subsidiary — not a party to this action. A previously noticed examination before trial of the corporate defendant has been adjourned by plaintiff until September 5, 1962. It has often been recognized that orderly procedure and due concern for avoidance of the imposition of unnecessary burdens and expenses upon parties may require completion of a previously scheduled examination before trial, at which defendant may be required to produce certain records under section 296 of the Civil Practice Act, before discovery and inspection of voluminous records, such as herein requested, is ordered (Battaglia v. New York City Tr. Auth., 2 A D 2d 985; City Messenger Serv. of Hollywood v. Powers Photoengraving Co., 7 A D 2d 213; Hoffman Co. v. Consolidated Avionics Corp., 20 Misc 2d 84). It is particularly appropriate that such procedure be followed in the instant ease where the production of the mass of records requested by plaintiff, although all may be relevant, may become unnecessary depending upon the testimony adduced at the examination (Conte v. City of New York, 12 Misc 2d 366). That testimony may also assist plaintiff in remedying the present, perhaps *879 harmful, lack of specificity in the requested order (Hay v. Republic Trading Co., 184 App. Div. 537; Weistrop v. Necchi Sewing Mach. Sales Corp., 2 Misc 2d 312, affd. 1 A D 2d 822).
The portion of the motion addressed to the records of H. M. 0. Supply Corp., not a party to this action, must also be denied. Perhaps, upon plaintiff’s renewal of the original motion, he may seek the production of such of that corporation’s records as are under the possession and control of the corporate defendant (see Beasley v. Huntley Estates at Ardsley, 137 N. Y. S. 2d 784, affd. 285 App. Div. 887; Bayside-Flushing Gardens v. Dalis, 261 App. Div. 831; Rubel Corp. v. Rosoff, 251 App. Div. 868).
The cause of action asserted against the individual defendant, his answer thereto, and the corporate defendant’s cross claim against him, all raise a substantial issue concerning Ms authority to act on behalf of the corporate defendant when the agreement was executed. The relatively limited papers requested by him clearly relate to this issue. Accordingly, the cross motion is granted, in the exercise of the court’s discretion.