A. Franklin Mahoney, J.
The defendants moved this court for an order pursuant to CPLR 3120 (subd. [a]) and CPLR 3102 (subd. [b]), permitting the inspection, photographing and copying of enumerated items specified in an annexed schedule. The State appeared and orally opposed the motion but did not cross-move under CPLR 3122 for a protective order. The court by oral memorandum ruled as follows: “ Motion for discovery and inspection is granted. Respective parties are to refine and particularize the items to be discovered and inspected and they are to be recited in the Order to be submitted. ’ ’
It now develops that opposing counsel were unable to agree with any specificity as to what should be produced for inspection and counsel for movant has presented an order for signature which would permit inspection of everything set forth in the schedule annexed to his notice of motion. The court cannot sign such an order.
In the absence of an agreement between the parties productive of a consent order, the moving papers are defective in two important requirements.
First, the supporting affidavit is devoid of proof that the multiple contracts, letters, surveys, reports, memoranda and intradepartmental correspondence sought to be discovered and photographed are evidence rather than clues to evidence. Documents to be subject to inspection must be evidence themselves (Falco v. New York, New Haven & Hartford R. R. Co., 161 App. Div. 735, 737). This is not to say that many of the documents sought herein might not be evidence but it strains credulity to believe that all of them could possibly be evidence or even germane.
Second, there is no proof that all of the documents sought are relevant and necessary. While great liberality is allowed in pretrial discovery proceedings the court must limit the scope of such proceedings when it is unable to judge with particularity exactly what movant wants. It cannot permit a roving examination of a great mass of documents without proof that all that is sought is relevant and. necessary (Weistrop v. Necchi Sewing Mach. Corp., 2 Misc 2d 312).
*818 The court recognizes that the failure to hold examinations before trial does not preclude the relief sought herein (All New York Auto Corp. v. Renault, Inc., 15 A D 2d 467). Yet, the orderly process of eliminating unnecessary and irrelevant documents almost demands, in this case, that an oral examination of an appropriate State official be held (Defler Corp. v. Kleeman, 12 AD 2d 877).
Motion denied without prejudice to renew if pretrial examination is not productive.